**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| **RAFI GIBLY, CHRISTIAN VIERI, YOSEF LIPKIN, ANTHONY NOUGUES GUITERA, RG7 INVESTMENTS, LLC, and ANG OPERATIONS INC.,** | **CIVIL ACTION** |
| ***Plaintiffs,*** | **NO. 2:21-cv-14531-JMV-MAH** |
| **-against-** | |
| **BEST BUY CO., INC., and BEST BUY PURCHASING LLC,** | |
| ***Defendants.*** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**

**DURKIN & DURKIN, LLC**
1120 Bloomfield Ave.
West Caldwell, New Jersey 07007
(973) 244-9969
80 Broad Street-Fifth Floor
New York, New York 10004
(212) 349-8173

Attorneys for Defendants
BEST BUY CO., INC., and
BEST BUY PURCHASING LLC

On the Brief:
David D.F. Lawrence, Esq.
Stephen M. Knudsen, Esq.

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ........ 1

BACKGROUND ........ 3

ARGUMENT ........ 7

I. This Court Should Stay Proceedings Pending Resolution of Best Buy's Motion to Dismiss ........ 7

A. A Stay of Limited Duration Pending A Ruling on the Motion to Dismiss Would Not Prejudice Plaintiffs ........ 9

B. Denial of the Stay Would Impose the Hardship and Inequity of Extensive and Expensive Discovery on Best Buy ........ 10

C. A Stay Will Simplify and Possibly Eliminate the Issues and the Case ........ 11

D. Discovery is in its Early Stages and a Trial Has Not Been Set ........ 13

CONCLUSION ........ 13

# TABLE OF AUTHORITIES

## Cases

*Actelion Pharms. Ltd. v. Apotex Inc.*,
No. CIV. 12-5743 NLH/AMD, 2013 WL 5524078 (D.N.J. Sept. 6, 2013) ...................... 8, 9, 11

*Akishev v. Kapustin*,
23 F. Supp. 3d 440 (D.N.J. 2014) ........................................................................ 8, 9, 10

*Anfibio v. Optio Sols. LLC*,
No. 20-CV-11146-CCC-ESK, 2020 WL 8483808 (D.N.J. Dec. 30, 2020) ........................ 11, 13

*Burress v. Freedom Mortg. Corp.*,
No. CV2015242NLHAMD, 2021 WL 2661254 (D.N.J. May 26, 2021) .................................. 9

*Eye Care Ctr. of New Jersey, P.A. v. Twin City Fire Ins. Co.*,
No. 20-CV-05743-KM-ESK, 2020 WL 7227186 (D.N.J. Nov. 20, 2020) ............... 9, 10, 11, 13

*Gerald Chamales Corp. v. Oki Data Americas, Inc.*,
247 F.R.D. 453 (D.N.J. 2007) ............................................................................................ 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......................................................................................................... 8

*Maher Terminals, LLC v. Port Auth. of New York & New Jersey*,
No. CIV.A. 12-6090 KM, 2013 WL 2253532 (D.N.J. May 22, 2013) ...................................... 8

*Mann v. Brenner*,
375 Fed. App'x 232 (3d Cir. 2010) .................................................................................... 9

*Neitzke v. Williams*,
490 U.S. 319 (1989) .......................................................................................................... 8

*Smithkline Beecham Corp. v. Apotex Corp.*,
No. CIV.A. 00-CV-1393, 2004 WL 1615307 (E.D. Pa. July 16, 2004) .................................... 9

Defendants Best Buy Co., Inc. and Best Buy Purchasing LLC (collectively, "Best Buy" or "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Stay Discovery pending resolution of their Motion to Dismiss pursuant to Rule 12(b)(6).

## PRELIMINARY STATEMENT

Defendants seek a stay of all discovery in this action for the straightforward reason that their Motion to Dismiss Plaintiffs' entire complaint pursuant to Rule 12(b)(6) is potentially case-dispositive. If that motion is granted, none of the discovery Plaintiffs seek will be necessary—saving Defendants (and all parties and non-parties) from unnecessary burden and expense and conserving the resources of this Court. This Court has broad discretion to stay discovery until potentially case-dispositive motions to dismiss are resolved.

Plaintiffs have refused to agree to a voluntary stay of discovery, necessitating this motion. Plaintiffs have not only rejected Best Buy's good faith proposals to limit discovery in a sensible manner until the Motion to Dismiss is decided, they have sought to initiate full-blown merits discovery and demanded discovery on a short timetable. Absent relief from the Court, Best Buy will need to expend considerable further time and expense to continue addressing the subject of discovery, notwithstanding the frivolous nature of Plaintiffs' claims against Best Buy. A stay of further discovery is necessary here to protect Best Buy from the substantial expense and burden of engaging in expansive discovery, which would be entirely a waste of time and resources if the Motion to Dismiss is granted.

Under these circumstances, the Court has broad discretion to control discovery and grant a stay. The Court may exercise this discretion pursuant to Federal Rule of Civil Procedure 26(c) upon a showing of good cause. In the context of a pending motion to dismiss, good cause exists where the undue burden and expense of complying with discovery requests

could be mooted by determination of a pending dispositive motion that has a valid foundation. All the factors that courts in New Jersey weigh in deciding whether to stay discovery favor the grant of a stay here.

*First*, a stay would pose no prejudice to the Plaintiffs. If the Motion to Dismiss is granted, Plaintiffs will, like Best Buy, have benefited from the avoidance of wasted time and resources conducting offensive and defensive discovery.

*Second*, denial of the stay would create undue hardship. This case requires extensive electronic discovery, which will be a time-consuming and expensive process. Plaintiffs served Best Buy with 23 document requests seeking an expansive universe of documents. It will require significant time and expense for Best Buy to locate, review and produce responsive documents. Resolution of the Motion to Dismiss may remove the burden and expense of discovery in full. Requiring Best Buy to engage in discovery prior to a decision presents a clear and avoidable hardship to Best Buy.

*Third*, the patent lack of merit to the Complaint strongly supports a stay of discovery pending resolution of the Motion to Dismiss. Plaintiffs' Complaint is fatally flawed because (i) its claims against Best Buy are deficient as a matter of law and (ii) its central premise is wrong—Best Buy did have a business relationship with Install Masters LLC ("Install Masters"). The Complaint is devoid of any factual allegations sufficient to plead the claims it asserts: aiding and abetting, fraud and negligent misrepresentation. The Complaint fails to allege even one misrepresentation by Best Buy to Plaintiffs. Nor is there any allegation that Plaintiffs reasonably relied on any statement by Best Buy in making the investments described in the Complaint. The Complaint also fails to (and cannot) plead that Best Buy knew Install Masters

was perpetrating a fraud on the Plaintiffs, and it lacks any allegation that Best Buy had the special relationship with Plaintiffs required to bring a negligent misrepresentation claim.

Further, all the claims in the Complaint depend on the assertion that Best Buy had no relationship with a company called Install Masters (or any company controlled by Artie Lusher). The Master Services Agreement ("MSA") executed between Best Buy and Install Masters conclusively rebuts this assertion, showing that Best Buy did have a contractual relationship with Install Masters between 2019 and 2021. For all these reasons, and as further detailed in Best Buy's Motion to Dismiss, the Complaint should be dismissed in full.

*Fourth*, a stay is appropriate here because discovery is still in the early stages and will cause no prejudice or hardship to Plaintiffs. The parties have submitted a Joint Discovery Plan, but such proposal has not been ordered by the Court nor has the Court held an Initial Discovery Conference. All that has happened thus far is the service by Plaintiffs of written discovery requests and by Best Buy of written responses and objections thereto.

In sum, all relevant factors favor a stay of discovery pending resolution of the Motion to Dismiss.

## BACKGROUND

Plaintiffs commenced this action on August 3, 2021, alleging claims for aiding and abetting fraud, common law fraud, and negligent misrepresentation. *See generally* Complaint ("Compl."). The Complaint rests on the demonstrably false allegation that Best Buy never had a business relationship with any company controlled by Artie Lusher. Compl. ¶ 4. Specifically, the Complaint alleges Best Buy: (i) aided and abetted the fraud because they knew Lusher never operated a genuine delivery business yet provided substantial assistance to perpetuate the validity of Lusher's business with Best Buy and induced Plaintiffs to invest more

money, *id.* ¶¶ 47-52; (ii) engaged in fraud by knowingly misrepresenting that Yevgeny Shvartsshteyn and/or Artie Lusher had a business relationship with Best Buy to Plaintiffs, *id.* ¶¶ 53-59; and (iii) negligently misrepresented Shvartsshteyn and Lusher's business relationship with Best Buy to Plaintiffs, *id.* ¶¶ 60-64.

The allegations in the Complaint disregard the existence of the MSA and Install Masters' contractual relationship with Best Buy.[1] In doing so, the Complaint makes conclusory allegations that Plaintiffs learned Best Buy's representations were false, without providing any description of Best Buy's representations or the information Plaintiffs received that led them to this understanding. Such allegations completely disregard Rule 9(b)'s particularized pleading requirements. The same is true of Plaintiffs' conclusory pleadings that Best Buy had received kickbacks without alleging any particularity about who received these kickbacks, when they were given, or what they consisted of.

Beyond those fatal deficiencies, the Complaint further fails to plead key elements of the alleged claims. For example, the Complaint fails to plead any facts supporting the necessary element of reliance for the fraud claim. The Complaint does not identify any written information provided by Best Buy to Plaintiffs or any conversations between Best Buy employees and Plaintiffs other than the informal tours of the Best Buy facility, Compl. ¶¶ 24-28, 34-37, which were no different in substance than tours Best Buy gives to other vendors in

1 The Complaint relies on only two factual allegations directly attributable to Best Buy—(1) Best Buy employees provided Gibly with two tours of the Best Buy facility, during which an employee speculated that Best Buy home deliveries could surge due to the COVID pandemic, Compl. ¶ 27, and (2) Best Buy employees were friendly upon greeting Shvartsshteyn and Lusher before the tours of the facility, *id.* ¶ 25. Neither of these facts establish, nor can they, that Best Buy knew they did not have a business relationship with Install Masters or misrepresented the relationship to Plaintiffs. Rather, they establish the opposite—Best Buy had a business relationship with Install Masters.

connection with their onboarding and continued training. Ex. A, Declaration of Anthony Davis ("Davis Decl.") ¶ 8.[2] Gibly's own allegations show he is an experienced investor who made his first investment in December 2018, 15 months prior to his first interaction with Best Buy. Compl. ¶ 20. There is no plausible allegation that Gibly, or any other Plaintiff, relied on brief and limited interactions with Best Buy to decide to further invest. In regard to the negligent misrepresentation claim, the Complaint fails to allege Best Buy had a special relationship with Plaintiffs or that it owed Plaintiffs any duty that was breached. Simply providing a courtesy tour of a Best Buy facility at the request of a vendor does not even approach the relationship of trust needed to create a special relationship.

The undeniable fact is that Best Buy had a business relationship with Install Masters from 2019 through 2021. This business relationship was not limited to one or two transactions; it consisted of multiple dealings over the course of two years. More specifically:

- In September 2019, Best Buy began conversations with Lusher regarding Install Masters performing delivery and installation services in the southern New Jersey area. Davis Decl. ¶ 3.
- In November 2019, Install Masters signed Best Buy's MSA, which Best Buy countersigned in March 2020. *Id.* ¶ 4.
- In early 2020, Best Buy provided training to Install Masters' employees. *Id.* ¶ 5.

---

[2] The Declaration of Anthony Davis is submitted solely to provide the Court with background on the nature of the relationship between Best Buy and Install Masters. It is not essential to the Court's resolution of the Motion to Stay.

- In February 2020, Install Masters completed its first delivery and installation of merchandise purchased from Best Buy. *Id.* ¶ 6.
- From February 2020 through June 2021, Install Masters performed delivery and installation services under the MSA. During this 16-month time period, Install Masters performed installation work, invoices were generated, and were paid by Best Buy for its work performed. *Id.* ¶ 7.

These facts eviscerate the entire foundation of the Complaint.

Because the Complaint rests on factual premises that are clearly and demonstrably false, and otherwise fails to allege facts sufficient to support the claims, the Complaint should be dismissed. On November 24, 2021, Best Buy's counsel wrote a letter to Plaintiffs directly calling Plaintiffs' attention to the MSA between Best Buy and Install Masters and providing Plaintiffs with a copy of the MSA, as well as proof of payments made from Best Buy to Install Masters for installations performed from February 2020 through June 2021 and an example invoice detailing the delivery and installations performed by Install Masters during their first week working for Best Buy. Declaration of David D.F. Lawrence, ¶ 3. On December 15, 2021, Best Buy submitted their Initial Disclosures to Plaintiffs, again providing Plaintiffs with a copy of the MSA. *Id.* ¶ 4. The Initial Disclosures also provided Plaintiffs an excel spreadsheet of all invoices between Best Buy and Install Masters with invoice detail for each delivery and installation, an excel spreadsheet detailing all payments made or account deductions from Best Buy to Install Masters as of July 2021 for delivery and installations completed, and a letter to Install Masters from Best Buy dated July 13, 2021, terminating their business relationship. *Id.*

Notwithstanding the letter and evidence submitted with both the letter and the Initial Disclosures, which conclusively demonstrated the factual basis of the Complaint to be

false, Plaintiffs have refused to withdraw their Complaint. Instead, Plaintiffs have demanded full-blown discovery, and on an abbreviated timetable. They pursued an Initial Discovery Conference, which the Court first scheduled for November 5, 2021. In accordance with the Court's order to submit a discovery plan prior to the scheduled conference, Plaintiffs and Best Buy submitted a Joint Discovery Plan, which is *sub judice*. The Court adjourned the Initial Discovery Conference to January 5, 2022, and subsequently adjourned it indefinitely. Plaintiffs served Best Buy with discovery requests on December 3, 2021, including 23 document requests seeking a wide variety of documents and communications from June 1, 2018 through present, including, among others, documents and communications with or concerning Install Masters, Shvartsshteyn, Lusher, or any company controlled by either of them, any agreements with them and any payments to them, as well as documents and communications concerning a variety of Best Buy's policies and procedures concerning operations, new vendors, training, etc. Plaintiffs granted Best Buy an extension to respond to the discovery requests to January 28, 2022. Best Buy served its responses and objections on January 25, 2022. Absent a stay, Best Buy will be required to spend significant time and expense locating responsive documents for production, serving affirmative discovery requests of its own, and then proceeding into fact depositions and then, as needed, expert reports and discovery.

## ARGUMENT

### I. This Court Should Stay Proceedings Pending Resolution of Best Buy's Motion to Dismiss

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299

U.S. 248, 254 (1936); *see also Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (same). Courts have the discretion to stay discovery "whenever 'the interests of justice' mandate 'such action.'" *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445-46 (D.N.J. 2014) (quoting *U.S. v. Kordel*, 397 U.S. 1, 12 n.27 (1970)); *see also Actelion Pharms. Ltd. v. Apotex Inc.*, No. CIV. 12-5743 NLH/AMD, 2013 WL 5524078, at *3 (D.N.J. Sept. 6, 2013) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district court.").

Courts may exercise this discretion pursuant to Rule 26(c) upon a showing of "good cause." *Actelion*, 2013 WL 5524078, at *2. One of the express purposes of a motion to dismiss is to permit a court to dispose of a case before the parties have engaged in "needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Though the "mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay, . . . Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion." *Gerald Chamales*, 247 F.R.D. at 454; *see Maher Terminals, LLC v. Port Auth. of New York & New Jersey*, No. CIV.A. 12-6090 KM, 2013 WL 2253532, at *2 (D.N.J. May 22, 2013) ("[T]his Court maintains wide discretion to manage discovery issues and enter stays where good cause has been shown."). Good cause to stay discovery exists where the undue burden and expense of complying with discovery requests could be mooted by determination of a pending dispositive motion that has a valid foundation. *See, e.g.*, *Actelion*, 2013 WL 5524078, at *3 (finding that "if a dispositive motion is pending, courts further consider whether the pending dispositive motion 'appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law'") (citing *Victor v. Huber*, No. 12–282, 2012 WL 2564841, at *2 (M.D.Pa.

July 2, 2012)); *see also Mann v. Brenner*, 375 Fed. App'x 232, 239 (3d Cir. 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile").

This Court typically evaluates four factors when deciding whether to grant a stay of discovery: (1) "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;" (2) "whether denial of the stay would create 'a clear case of hardship or inequity' for the moving party;" (3) "whether a stay would simplify the issues and the trial of the case;" and (4) "whether discovery is complete and/or a trial date has been set." *Akishev*, 23 F. Supp. 3d at 446 (citations omitted); *see also Eye Care Ctr. of New Jersey, P.A. v. Twin City Fire Ins. Co.*, No. 20-CV-05743-KM-ESK, 2020 WL 7227186, at *2 (D.N.J. Nov. 20, 2020); *Actelion*, 2013 WL 5524078, at *3. All four factors weigh heavily in favor of a stay here.

**A. A Stay of Limited Duration Pending A Ruling on the Motion to Dismiss Would Not Prejudice Plaintiffs**

A stay would not "unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Akishev*, 23 F. Supp. 3d at 446. Courts recognize that "delay inherently results from the issuance of a stay, but 'mere' delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." *Akishev*, 23 F. Supp. 3d at 447; *see also Burress v. Freedom Mortg. Corp.*, No. CV2015242NLHAMD, 2021 WL 2661254, at *3 (D.N.J. May 26, 2021) (finding that Plaintiff must "articulate a particular prejudice that would arise from a limited stay of discovery"). Here, Best Buy seeks a stay of limited duration. A stay pending resolution of the Motion to Dismiss would "merely postpone discovery that may never be needed," whereas denying the stay will harm Best Buy by "subjecting them to potentially needless litigation costs." *Smithkline Beecham Corp. v. Apotex Corp.*, No. CIV.A. 00-CV-1393, 2004 WL 1615307, at *8 (E.D. Pa. July 16, 2004) (finding that a "stay will likely have avoided

potentially unnecessary discovery while inflicting a minimal amount of harm on the parties"). Once the Court decides the pending motion to dismiss, discovery may proceed on any remaining claims. Plaintiffs would not be prejudiced by such a limited stay, and any potential prejudice is outweighed by the potential harm to Best Buy.

### B. Denial of the Stay Would Impose the Hardship and Inequity of Extensive and Expensive Discovery on Best Buy

A denial of the stay would "create a clear case of hardship or inequity." *Akishev*, 23 F. Supp. 3d at 446. The claims in this case require extensive electronic discovery, which will be a time consuming and expensive process. Specifically, Plaintiffs have served Best Buy with 23 document requests seeking a wide variety of documents and communications from June 1, 2018 through present, including, among others, documents and communications with or concerning Shvartsshteyn, Lusher, or any company controlled by them, any agreements with them and any payments to them, as well as documents and communications concerning a variety of Best Buy's policies and procedures concerning operations, new vendors, training, etc. Best Buy will be required to spend significant time and expense in responding to these onerous requests and locating responsive documents for production. Requiring Best Buy to "engage in expensive and time-consuming discovery while [their Motion to Dismiss] is pending" would therefore be "prejudicial" to Best Buy. *Eye Care Ctr. of New Jersey, P.A. v. Twin City Fire Ins. Co.*, No. 20-CV-05743-KM-ESK, 2020 WL 7227186, at *2 (D.N.J. Nov. 20, 2020). If the Motion to Dismiss is granted, Best Buy will be alleviated from the burden and expense of discovery. This "potential cost of discovery establishes a specific and substantiated risk of

harm." *Actelion*, 2013 WL 5524078, at *4. Therefore, this factor too favors a stay of discovery pending the Motion to Dismiss.

**C. A Stay Will Simplify and Possibly Eliminate the Issues and the Case**

A stay would simplify the issues and the trial of the case. When evaluating a pending dispositive motion, the Court must consider whether the pending motion "is without foundation or otherwise frivolous." *Actelion*, 2013 WL 5524078, at *5. Where, as here, Best Buy's motion clearly is not frivolous, the "filing of a dispositive motion may favor the issuance of a stay where . . . the Court finds that resolution of the dispositive motion may 'narrow[]' or 'outright eliminat[e]' the need for discovery." *Actelion*, 2013 WL 5524078, at *5; *see also Eye Care*, 2020 WL 7227186, at *2 (finding third factor weighed in favor of granting discovery stay where "resolution of the [dispositive motions] may simplify the issues and the trial of the case"). In this context, a "stay is provisional relief designed to maintain the status quo during the pendency of certain proceedings," *Actelion*, 2013 WL 5524078, at *5, and to prevent the "inefficient and unproductive" outcome of "ordering discovery to proceed" where the Court ultimately might determine the matter is over, *Anfibio v. Optio Sols. LLC*, No. 20-CV-11146-CCC-ESK, 2020 WL 8483808, at *2 (D.N.J. Dec. 30, 2020).

Best Buy's Motion to Dismiss is not "without basis, frivolous, or filed solely for a dilatory purpose." *Actelion*, 2013 WL 5524078, at *6. Therefore, the Court must consider the Motion to Dismiss when determining whether to stay discovery. As Best Buy explained in their Motion to Dismiss, the Complaint has no merit at all. The Complaint depends on the false assertion that Best Buy had no business relationship with any entity controlled by Shvartsshteyn or Lusher. However, as demonstrated in the MSA, a business relationship did exist between Best Buy and Install Masters, a company controlled by Lusher.

As demonstrated above, Best Buy began conversations with Lusher in September 2019 for Install Masters to perform delivery and installation services in the southern New Jersey area. Decl. ¶ 3. After Install Masters signed the MSA, Best Buy provided training to Lusher and Install Masters' employees and they completed their first delivery and installation job in February 2020. *Id.* ¶¶ 5-6. Install Masters performed delivery and installation services for Best Buy under the MSA from February 2020 until June 2021 when Best Buy terminated the MSA. *Id.* ¶¶ 7, 9. During that time, invoices were generated for the work Install Masters completed for Best Buy, and Best Buy paid the invoices for the delivery and installation work Install Masters performed. *Id.* ¶ 7. Thus, the Complaint's allegations of aiding and abetting fraud, fraud, and negligent misrepresentation, which are premised on the assertion that Best Buy had no relationship with any entity controlled by Lusher, have no factual basis.

The wholly conclusory allegations in the Complaint also fail to support fraud-related claims against Best Buy. First, in December 2020, it was public knowledge that retailers, including Best Buy, were experiencing increased demand on their delivery services as many consumers shifted to online shopping due to the COVID pandemic. Additionally, there is nothing inappropriate, much less fraudulent, in Best Buy providing tours of its warehouse to representatives of a Best Buy vendor. These factual assertions provide no support for claims of aiding and abetting fraud, fraud, or negligent misrepresentation.

For all these reasons, the allegations in the Complaint lack factual support and Best Buy is likely to prevail on their Motion to Dismiss. This outcome would end the case, thus eliminating the need for discovery. Even if the Motion is not granted in full, a partial dismissal may nonetheless narrow the issues pending in the case. The likelihood of success on Best Buy's

well-founded Motion to Dismiss, which will simplify or even eliminate the issues of the case, thus weighs in favor of granting a stay.

**D. Discovery is in its Early Stages and a Trial Has Not Been Set**

A stay is appropriate because discovery is still in the early stages. While the parties have agreed to a Joint Discovery Plan, it has not been so ordered by the Court. Further, although the Court scheduled an Initial Discovery Conference at Plaintiffs' request, it subsequently adjourned it twice with no current date set. Plaintiffs served written discovery requests, and Best Buy served its responses and objections. A trial date has not been set. Therefore, the "relative infancy, the lack of discovery yet conducted, and the absence of a scheduled trial support the entry of a stay of discovery." *Anfibio*, 2020 WL 8483808, at *2; *see also Eye Care*, 2020 WL 7227186, at *2 (finding the "last factor weigh[ed] in favor of granting the [stay] because discovery ha[d] not commenced, and a trial date ha[d] not been set.").

**CONCLUSION**

For the foregoing reasons, Best Buy respectfully requests that the Court grant their Motion to Stay Discovery and enter an order staying discovery pending the Court's resolution of Best Buy's Motion to Dismiss.

Dated: January 25, 2022

*/s/* DDFL

**David D.F. Lawrence (DL3335)**
**DURKIN & DURKIN, LLC**
Attorneys for Defendants
**BEST BUY CO., INC., and**
**BEST BUY PURCHASING LLC**
1120 Bloomfield Avenue
P.O. Box 1289
West Caldwell, New Jersey 07007
(973) 244-9969
File No.: 3459-156