**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAFI GIBLY, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BEST BUY CO., INC., *et al.*, <br><br> *Defendants*. | Civil Action No. 2:21-cv-14531 <br><br> **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Presently before the Court is a motion to dismiss filed by Defendants Best Buy Co., Inc. and Best Buy Purchasing LLC (collectively, "Defendants" or "Best Buy"). D.E. 58. Plaintiffs filed a brief in opposition, D.E. 59, to which Defendants replied, D.E. 60. The Court reviewed the parties' submissions[1] and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED**.

**I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY**

The Court set forth the factual background of this matter in its initial motion to dismiss opinion (the "March 18 Opinion"), D.E. 56, which the Court incorporates by reference here. Additional relevant facts from the Amended Complaint are discussed where appropriate.

Briefly, in November 2018, non-party Yevgeny Shvartsshteyn approached Plaintiff Rafi Gibly with an opportunity to invest in a business that Shvartsshteyn co-owned with non-party

---

[1] For purposes of this Opinion, the Court refers to Defendants' brief in support of their motion to dismiss (D.E. 58-1) as "Defs. Br."; Plaintiffs' opposition brief (D.E. 59) as "Plfs. Opp."; and Defendants' reply (D.E. 60) as "Defs. Reply."

Arsen Lusher.[2]  The business provided "home delivery and installation services on behalf of large consumer-facing businesses" such as Best Buy.  Am. Compl. ¶ 17.  Between December 15, 2018, and June 26, 2019, Gibly made three investments into Shvartsshteyn and Lusher's business, and anticipated making a profit from his investments.  Id. ¶¶ 20-21.

      To obtain additional investments, Shvartsshteyn and Lusher met with Gibly at a Best Buy distribution center in Piscataway, New Jersey on two occasions.[3]  Id. ¶¶ 24, 34.  The tours occurred in March and December of 2020.  Id. ¶¶ 25, 35.  During both tours, two different employees, who were both purportedly supervisors or managers, "warmly greeted" Shvartsshteyn and Lusher.  Id. ¶¶ 25, 35.  Both employees "carried a security badge . . . issued by Best Buy," had access to restricted areas of the facility, exhibited extensive knowledge of the logistical operations at the site, and used "credentials and log-in information" to access the computer systems that scheduled deliveries.  Id. ¶ 26, 36-37.  These employees' credentials and access "reinforced to Gibly that Best Buy had authorized the manager[s] to supervise the operations of the Best Buy Facility, including concerning Best Buy's vendors."  Id. ¶ 27; see also id. ¶ 39.  The employees also referred to Shvartsshteyn and Lusher's delivery companies and trucks, indicating that an increase in demand for home deliveries due to the COVID-19 pandemic would mean an increase in delivery opportunities for the companies.  Id. ¶¶ 27-28, 38-40.  Due to the conduct of the Best Buy employees during the tours, Gibly made additional investments in the companies and convinced three others, additional Plaintiffs in this matter, to invest.  Id. ¶¶ 30-32, 41.

---

[2] The factual background is taken from Plaintiffs' Amended Complaint.  D.E. 57.  When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in a complaint.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

[3] Public records indicate that Best Buy Warehousing Logistics, Inc., "upon information and belief," is a wholly owned subsidiary of Defendant Best Buy Inc. and has leased the Best Buy facility since at least October 2017.  Id. ¶ 24.

In January 2021, however, Shvartsshteyn and Lusher admitted that their business was a fraud and that none of the companies in which Plaintiffs invested were making deliveries for Best Buy. *Id.* ¶ 47. Plaintiffs then realized that the employees involved in the tours participated in the fraud and, upon information and belief, knew their representations about the trucks were false. *Id.* ¶ 48. Plaintiffs allege that "it is clear that" Best Buy and its employees "received kickbacks and other payments for making [these] misrepresentations." *Id.* ¶ 48.

Plaintiffs sued Defendants, asserting claims for (1) aiding and abetting Shvartsshteyn and Lusher's fraud (First Count); (2) fraud (Second Count); and (3) Negligent Misrepresentation (Third Count). D.E. 1. Defendants subsequently filed a motion to dismiss, D.E. 19, which the Court granted on March 18, 2022, D.E. 56. In granting the motion, the Court determined that Plaintiffs failed to sufficiently plead that Best Buy is liable for the alleged misrepresentations of its employees under the doctrine of apparent authority. The Court explained that Plaintiffs failed to plead facts addressing "Defendants' actions or how Defendants created an appearance that they authorized the alleged actions of the [Best Buy] employees." Mar. 18 Opinion at 7. And Plaintiffs could not establish apparent authority based solely on the alleged agents' conduct. *Id.*

In granting Defendants' motion, the Court provided Plaintiffs leave to file an amended pleading. *Id.* at 9. Plaintiffs filed the Amended Complaint on April 18, 2022. D.E. 57. In the Amended Complaint, Plaintiffs include additional factual allegations about Gibly's tour of the Best Buy Facility and the Best Buy supervisor employees. Plaintiffs assert the same three claims as the initial pleading and continue to allege that Defendants are liable through the doctrine of apparent authority. Am. Compl. ¶¶ 54, 61, 66. On May 2, 2022, Best Buy filed the instant motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 58.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true" and give a plaintiff the benefit of all reasonable inferences therefrom. *Fowler*, 578 F.3d at 210.

"Independent of the standard applicable to Rule 12(b)(6) motions, Rule 9(b) imposes a heightened pleading requirement of factual particularity with respect to allegations of fraud." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). Pursuant to Rule 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). A party alleging fraud must therefore support its allegations with factual details such as "the who, what, when, where and how of the

4

events at issue." *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries*, LLC, 812 F.3d 294, 307 (3d Cir. 2016); *see also Feingold v. Graff*, 516 F. App'x 223, 226 (3d Cir. 2013) (explaining that "[t]o satisfy the particularity standard, 'the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.'" (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007))). This heightened standard is designed to "ensure that defendants are placed on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of fraud." *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotation marks omitted).

## III.   DISCUSSION

### A. Aiding and Abetting Fraud (First Count)

Defendants seek to dismiss Plaintiffs' aiding and abetting fraud claim because Plaintiffs fail to plead that Best Buy knew of and participated in the alleged fraud. Defs. Br. at 9-11. In New Jersey, the tort of aiding and abetting is comprised of the following:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation.

*Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999) (internal quotation omitted).[4] Plaintiffs allege that while giving a tour of a Best Buy facility, Best Buy *employees* made

---

[4] The parties appear to assume that New Jersey law applies. Seeing no clear reason to deviate from this assumption, the Court will apply New Jersey law. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the remaining claims as though New Jersey substantive law applies, the Court will assume that to be the case.") (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999)).

5

references to Shvartsshteyn and Lusher's business. *See, e.g.*, Am. Compl. ¶¶ 22-29. In fact, throughout the Amended Complaint, Plaintiffs rely on the doctrine of apparent authority to establish that Best Buy is liable for its employees' conduct. *See, e.g.*, Am. Compl. ¶ 54 (pleading that Best Buy is liable for its employees' aiding and abetting conduct through apparent authority). But apparent authority imposes liability on a principal not through an actual relationship, "but because the principal's actions have misled a third-party into believing that a relationship of authority in fact exists." *Mercer v. Weyerhaesuer Co.*, 735 A.2d 576, 592 (N.J. Super. Ct. App. Div. 1999). In other words, Best Buy could theoretically be liable if its conduct misled Gibly "into believing that a relationship of authority does, in fact, exist." *Jennings v. Reed*, 885 A.2d 482, 490 (N.J. Super. Ct. App. Div. 2005) (quoting *Wilzig v. Sisselman*, 506 A.2d 1238, 1244 (N.J. Super. Ct. App. Div. 1986)). Consequently, Plaintiffs' theory of liability as to Best Buy forecloses any reasonable inference that Best Buy knew of the underlying fraud. Plaintiffs, therefore, fail to state an aiding and abetting claim as to Best Buy. The First Count is dismissed.

### B. Fraud and Negligent Misrepresentation Claims (Second and Third Counts)

Next, Defendants argue that the fraud and negligent misrepresentation claims must be dismissed because Best Buy did not make any misrepresentations. Defs. Br. at 12-13; 15-16. To prevail on a claim for common law fraud, a plaintiff must prove each of the following: (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damages. *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997). "The elements of negligent misrepresentation are essentially the same as those of common law fraud except negligent misrepresentation does not require scienter." *N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co.,* No. 10-148, 2012 WL 209349, at *4 (D.N.J. Jan. 24, 2012) (citation

omitted). To establish a claim of negligent misrepresentation, a plaintiff must prove that "'(1) the defendant negligently provided false information; (2) the plaintiff was a reasonably foreseeable recipient of that information; (3) the plaintiff justifiably relied on the information; and (4) the false statements were a proximate cause of the plaintiff's damages.'" *Id.* (quoting *McCall v. Metro. Life. Ins.,* 956 F. Supp. 1172, 1186 (D.N.J. 1996)).

Plaintiff does not allege that Best Buy made any misrepresentations. Instead, Plaintiffs rely on misrepresentations from Best Buy employees. Am. Compl. ¶ 57. Generally, "liability must be based on personal fault." *Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003). Therefore, an employer is not necessarily liable for the tortious acts of its employees. As discussed, Plaintiff attempts to hold Best Buy liable in this matter through its employees under the doctrine of apparent authority. *See, e.g.*, Am. Compl. ¶ 66.

As explained in the March 18 Opinion, to establish agency through apparent authority plaintiffs must plead (1) that the conduct of the alleged principal, "and not solely by the conduct of the putative agent," created the appearance of authority; (2) that a third party "relied on the agent's apparent authority to act for a principal"; and (3) that the reliance was "reasonable under the circumstances." *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 374 (D.N.J. 2004) (citing *Mercer*, 735 A.2d at 592). This Court previously dismissed the Complaint because "Plaintiffs fail[ed] to include any allegations that address Defendants' actions or how Defendants created an appearance that they authorized the alleged actions of the employees." Mar. 18 Opinion at 7. In the Amended Complaint, Plaintiff alleges that Best Buy employed the two supervisors, authorized them to represent that they were supervisors, provided the two employees with security badges and computer log-in information, and permitted these employees to supervise and direct other employees and vendors. Am. Compl. ¶¶ 26, 36.

7

Plaintiffs argue that "the Complaint expressly alleges that the supervisors made misrepresentations regarding matters squarely within [the employees'] purview and job responsibilities." Plfs. Br. at 15. The Court disagrees. The Court can reasonably infer that by hiring these employees, Best Buy authorized the employees to interact with vendors about operations. But there is no indication that Best Buy authorized the supervisor employees to have similar discussions with third parties. Moreover, the Court cannot infer that Best Buy authorized the supervisor employees to give members of the public tours of the Best Buy facility that the public typically cannot access or make comments to third parties about Best Buy's business with vendors and logistical operations. Thus, as argued by Defendants, the generalized allegation that Best Buy hired the supervisor employees is not sufficient to plausibly establish that Best Buy also authorized these employees to advise potential investors about an investment opportunity with a third party or to engage in much of the conduct alleged in the Amended Complaint. Accordingly, Plaintiffs fail to allege conduct from Best Buy that created an appearance of authority. Without such allegations, Plaintiffs do not adequately plead that Best Buy could be liable for the alleged misrepresentations of its employees through apparent authority. Plaintiffs, therefore, fail to state a fraud or misrepresentation claim against Best Buy. The Second and Third Counts are also dismissed.

**IV.     CONCLUSION**

For the foregoing reasons, and for good cause shown

IT IS on this 2nd day of November, 2022,

**ORDERED** that Defendants' motion to dismiss (D.E. 58) is **GRANTED** and the Amended Complaint is **DISMISSED**; and it is further

**ORDERED** that the dismissal is without prejudice. Plaintiffs shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiffs do not file an amended pleading within that time, the claims dismissed herein will be dismissed with prejudice. This will be the last amended pleading that the Court will grant Plaintiffs leave to file.

_____
John Michael Vazquez, U.S.D.J.